UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE MAGANA, | Case No.: 5:12-CV-06177-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUN LIFE ASSURANCE COMPANY OF CANADA and DOES 1–25, inclusive, | **[Re: Docket No. 7]** |
| Defendants. | |

Defendant Sun Life Assurance Company ("Sun Life") moves for dismissal of Plaintiff Jose Magana's ("Plaintiff") Complaint on the grounds that the state law claims asserted therein are preempted by the federal Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). For the reasons explained herein, the Court will grant Sun Life's Motion to Dismiss.

**I.   Background**

The factual allegations described herein have been pleaded by Plaintiff in his Complaint, see Notice of Removal Ex. A, Docket Item No. 1.

In 1989, Plaintiff began to work for Gachina Landscape Management, Inc. ("Gachina"), id. ¶ 6, which had contracted with Defendant Sun Life to provide a policy of disability insurance to

1

Case No.: 5:12-CV-06177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Gachina employees, id. ¶ 5. Plaintiff alleges that at some point in 2009 he became disabled and that in May 2009 Sun life began paying disability benefits to Plaintiff. Id. ¶ 6. Pursuant to a requirement in the disability insurance policy, Plaintiff applied for disability payments through the federal Social Security Administration and was denied due to an invalid social security number. Id. In February 2012, Sun Life terminated Plaintiff's disability benefits on the grounds that Plaintiff was not a "lawful employee." Id. Upon Plaintiff's appeal, Sun Life affirmed the decision to deny Plaintiff payments. Id.

On November 6, 2012, Plaintiff commenced this action in San Mateo Superior Court. In his Complaint, Plaintiff brings forth two claims predicated upon California state law: (1) breach of the implied covenant of good faith and fair dealing, and (2) declaratory relief. On December 6, 2012 Sun Life removed the action to this Court,[1] and on December 12, 2012 Sun Life filed the present Motion to Dismiss.

## II.   Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court accepts as true all of the factual allegations contained in the complaint. Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). However, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec.

---

[1] In its Notice of Removal, Sun Life asserted that removal is appropriate because Plaintiff's claims are preempted by ERISA, 29 U.S.C. § 1144. The Court agrees. A defendant may remove a case predicated on state common law claims to federal count on grounds that those claims are completely preempted by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Accordingly, because the Court concludes that Plaintiff's claims are preempted by ERISA, removal is appropriate.

2
Case No.: 5:12-CV-06177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

—

Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   Discussion

ERISA is a comprehensive legislative scheme intended to protect the interests of participants in employee benefit plans and their beneficiaries. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). One distinctive feature of ERISA is the integrated enforcement mechanism provided under 29 U.S.C. § 1132(a), which provides ten "carefully integrated civil enforcement provisions." Id. (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)). Congress "clearly manifested an intent" to completely preempt causes of action within the scope of § 1132(a). Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209.

The cause of action Plaintiff brings against Sun Life essentially alleges that Sun Life wrongfully discontinued issuing the disability payments Plaintiff argues he is entitled to under the disability plan. This type of claim is authorized under ERISA § 502(a)(1)(B): "A civil action may be brought—(1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). While Plaintiff alleges his contract-based claim of breach of the implied covenant of good faith and fair dealing in the most general terms, it is clear that any plausible claim against Sun Life based on the facts alleged would duplicate or supplement the § 502(a)(1)(B) action to determine and enforce his rights as a plan

participant. In the Complaint, Plaintiff alleges that he was covered by the disability plan, which he does not dispute was subject to the provisions of ERISA. Accordingly, the Court finds that Plaintiff's claims are preempted.

Plaintiff contends that his claims are subject to ERISA's "savings clause," which provides, in pertinent part, that ". . . nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance . . . ." 29 U.S.C. § 114(b)(2)(A). In order to be "saved" from preemption, a state law "must be specifically directed toward entities engaged in insurance" and "must substantially affect the risk pooling arrangement between the insurer and the insured." Ky. Ass'n of Health Plans v. Miller, 538 U.S. 329, 342 (2003). In this case, Plaintiff's claim of breach of the implied covenant of good faith and fair dealing is based on the California common law regarding bad faith. The common law of bad faith—applicable in this situation where Plaintiff alleges that Sun Life has denied his requests for disability payments in bad faith—applies to every contract governed by California law. See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342 (1992). Therefore, it cannot be said that this law is specifically directed toward entities engaged in insurance. As such, the Court rejects Plaintiff's "savings clause" argument.

## IV.   Conclusion and Order

For the foregoing reasons, Sun Life's Motion to Dismiss will be GRANTED. Accordingly, Plaintiff may file an amended complaint no later than 30 days following the date of this Order. The Amended Complaint may not allege state common law claims, like breach of the implied covenant of good faith and fair dealing as currently pled by Plaintiff, that are unavailable under ERISA.

**IT IS SO ORDERED.**

Dated: April 9, 2013

_____
EDWARD J. DAVILA
United States District Judge